UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS-CONCEPT TRADE INVEST, LLC, Plaintiff, v. UNITED COLD STORAGE, Defendant. | Case No.  16-cv-02785-VC<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish," among other things, "that he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

DS-Concept has not shown this likelihood of irreparable harm.  "[E]conomic injury alone does not support a finding of irreparable harm," *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991), and DS-Concept's alleged injury is purely economic.  DS-Concept contends that it has an interest in Pecorino cheese under the defendant's control, and that this cheese cannot be sold in the absence of a TRO.  If the cheese is not sold, DS-Concept will lose money.  But "monetary injury is not normally considered irreparable." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).

If DS-Concept ultimately prevails on its claims, it can recover damages for the lost value of its cheese.  Because DS-Concept might be able to recover damages later, it cannot obtain

equitable relief now.  Accordingly, the application for a temporary restraining order is denied.[1]

**IT IS SO ORDERED.**

Dated: May 24, 2016

_____
RICHARD SEEBORG
General Duty Judge, U.S. District Court for the
Northern District of California

---

[1] It is not clear whether DS-Concept has given the defendant adequate notice of this TRO application.  DS-Concept asserts that the "[d]efendant's identified counsel . . . has been notified of the complaint and this application."  TRO Application at 4 n.1; *see also* Castricone Decl. at ¶7.  But DS-Concept does not explain how it knows that this lawyer is acting on the defendant's behalf, and it appears that the defendant has not yet been served.

The Court may issue a TRO "without written or oral notice to the adverse party or its attorney" only in unusual circumstances not present here.  Fed. R. Civ. P. 65(b)(1); *see also* Civ. L.R. 65-1(b).  In any event, because DS-Concept could not obtain a TRO even if it gave proper notice to the defendant, the Court need not decide whether it has given proper notice.