# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DS-CONCEPT TRADE INVEST, LLC,** a Delaware Limited Liability Company,<br><br>Plaintiff**,**<br><br>vs.<br><br>**MORGAN-TODT, INC., d/b/a UNITED COLD STORAGE**, a California corporation,<br><br>Defendant**.** | CASE NO. 16-cv-02785-YGR<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C)**<br><br>Re: Dkt. No. 53 |

Now before the Court is defendant Morgan-Todt Inc., d/b/a United Cold Storage's ("United") motion for judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c). United argues that third-parties Gormet Food Imports, Ltd., and related corporation Gourmet (collectively "Gourmet"), is a necessary party to this litigation pursuant to Fed. R. Civ. P. 19(a)(1)(b)(i), (ii) and thus must be joined. Further, United asserts that Gourmet cannot be joined without depriving this Court of subject-matter jurisdiction which is based on diversity of citizenship. *See* 28 U.S.C. §§ 1332(c)(1). Accordingly, United moves for an order dismissing this action under Fed. R. Civ. Pro. 19(b).

Having carefully considered the pleadings and the papers submitted on this motion, and for the reasons set forth below, defendant's motion for judgment on the pleadings is **DENIED**.[1]

**I.  Relevant Background**

Plaintiff DS-Concept Trade Invest, LLC ("DSC") is a purchaser of accounts receivable (also known as "trade debt") from third-party trade companies that exports food products,

---

[1] Defendant has submitted documents for judicial notice as has plaintiff. (Dkt. Nos. 54, 55-2.) In light of the lack of opposition to either, the Court **GRANTS** both requests for judicial notice, but does not accept the truth of any matters asserted in the documents. The Court gives such documents their proper evidentiary weight.

including Gourmet. (Dkt. No. 42, Third Amended Complaint ("TAC") ¶¶ 3–6, 8, 9.) DSC purchases trade debt from Gourmet pursuant to a "Factoring Agreement." (*Id*. ¶¶ 8–10.) Under the Factoring Agreement, Gourmet obtains and prepares to fill purchase orders for food products from a buyer, typically third-party Atalanta Corporation ("Atalanta"). Gourmet then designates DSC as the payee on these orders. (*Id*. ¶ 12.) DSC confirms the purchase orders with the buyer and advances funds to Gourmet. (*Id*.) Gourmet uses these funds to acquire and ship the order to the buyer. (*Id*. ¶ 13.) After the buyer receives the goods, DSC is paid "via direct collection of payment" from the buyer. (*Id*.)

United is a cold storage facility located in San Francisco, California. (*Id*. ¶ 18.) Between June and August 2015, DSC advanced funds to Gourmet in connection with Gourmet's purchase of 573,350.93 pounds of pecorino cheese ("the Cheese"). As a result, Gourmet generated $2,063,883.33 in invoices payable to DSC. (*Id*. ¶ 14, Exh. D.) DSC contends that the Cheese arrived at United's cold storage facility in San Francisco, (*id.* ¶ 18, Exh. E), but none of the invoices has been paid. (*Id*. ¶ 15.) According to DSC, United improperly stored the Cheese in the freezer, rather than the refrigerator, which diminished the value of the Cheese by rendering it unfit for human consumption. (*Id*. ¶¶ 36–40.) To secure repayment of the advances and other monetary damages, DSC brought three federal suits: this one, a second against (i) United and (ii) Gourmet in this Court, and the third against (iii) Gourmet and Atalanata in the U.S. District Court for the District of New Jersey. *See DS-Concept Trade LLC v. Gourmet Food Imports, LLC*, et al. Case No. 3:16-cv-00466 YGR; *DS-Concept Trade LLC v. Atalanta Corporation, et al*., Case No. 2:16-cv-00429-SRCCLW. In addition, Gourmet has filed suit against United in the Superior Court of the State of California, County of San Francisco. *See Gourmet Food Imports, LLC v. Morgan-Todt, Inc., d/b/a United Cold Storage,* CGC-16-552621.

According to DSC, under the Factoring Agreement the Cheese is "property in which DSC holds a beneficial interest (or, alternatively, collateral in which DSC has a security interest)." (*Id*. ¶ 22, Exh. A §§ 11, 14.) DSC alleges that United owed it a duty of care to store the Cheese reasonably because of this beneficial and/or security interest in the Cheese. (*Id*. ¶¶ 20, 57.) Plaintiff alleges that, "based on industry customs and practices," United understood or should have

understood that the Cheese and proceeds from any sale were subject to DSC's beneficial and/or security interest. (*Id.* ¶ 53.)

On March 1, 2017, plaintiff filed a TAC alleging one cause of action against United, namely for negligence. (*Id.* ¶¶ 50-66.) United filed a motion to dismiss on the ground that United did not owe plaintiff a duty of care. (Dkt. No. 43.) On May 18, 2017, this Court denied United's motion to dismiss and found plaintiff's allegations sufficient to state a plausible claim for negligence under the six-factor test articulated in *Biakanja v. Irving*, 49 Cal.2d 647 (1958). (Dkt. No. 47.)

## II. LEGAL STANDARD

Rule 12(c) provides that any party may move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) "challenges the legal sufficiency of the opposing party's pleadings, and the allegations contained therein." *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F.Supp.2d 1072, 1083 (N.D. Cal. 2007).

Under Rule 19(a)(1):

> *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In the event that a required party cannot be joined, Courts must determine whether "equity and good conscience" will permit the action to proceed in the party's absence. Fed. R. Civ. P. 19(b). If not, the party is considered "indispensable" and the lawsuit must be dismissed. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968). Defendants bear the burden of persuasion in arguing for dismissal under Rule 19. *See Clinton v. Babbitt*, 180 F.3d 1081, 1088

3

(9th Cir. 1999). To prevail on a motion to dismiss for failure to join an indispensable party, defendant must show that (i) the absent party is "necessary"; (ii) it is "feasible" to join the absent, necessary party; and (3) the absent party is "indispensable." *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010).

## III. DISCUSSION

The Court finds that United's motion fails because defendant cannot carry its burden to show that Gourmet is a "necessary" party to this litigation. *See id.*

United avers that "Plaintiff's main claim is not that Defendant was negligent," but that Gourmet "breached the agreement with DSC." (Dkt. No. 53, Motion Pursuant to Rule 12(c) ("Motion") at 5 (citing TAC ¶ 19).) According to United, "plaintiff is seeking recovery from Defendant because Gourmet failed to satisfy its contractual obligations to Plaintiff." (*Id.*) Therefore, defendant argues that Gourmet is a necessary party under both prongs of Rule 19(a)(1)(B). Specifically, Untied contends that absent joinder of Gourmet "[1] complete relief cannot be accorded among those already parties. Additionally, without Gourmet, [2] Defendant is subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." (*Id.* at 4.)[2]

Defendant does not persuade. First, a review of the TAC and briefing on defendant's motion to dismiss indicates that plaintiff's "main claim" in this lawsuit is precisely that United was negligent in improperly storing the Cheese in the freezer. (TAC ¶¶ 36–40.) In fact, this is the *only* claim asserted in the TAC. Second, contrary to United's assertion, plaintiff is in fact seeking recovery from United due to United's own negligence in improperly storing the Cheese. Plaintiff is not seeking recovery on the basis of Gourmet's alleged conduct.

Third, Rule 19(a)(1)(A) does not require joinder of Gourmet because complete relief can

---

[2] In defendant's reply brief, defendant argues for the first time that Gourmet is a necessary party because it has an "interest in the Subject Goods," namely the Cheese. However, defendant cites no authority for the proposition that a third-party is deemed "necessary" merely because the third-party holds an interest in goods which are subject to the litigation. Under Rule 19(a)(1)(B)(i), "as a practical matter" allowing this matter to go forward in Gourmet's absence will not "impair or impede [Gourmet's] ability to protect" Gourmet's interest in the Cheese because Gourmet has elected to pursue this interest through a separate lawsuit against United in state court. *See Gourmet Food Imports,* CGC-16-552621.

4

be afforded absent joinder. For example, absent joinder of Gourmet this Court can determine (i) whether United owned DSC a duty of care, (ii) whether that duty of care was breached when United stored the Cheese in the freezer, and (iii) resulting damages. Joinder of Gourmet is not necessary for the Court to decide these issues and determine plaintiff's entitlement to damages, if any.[3]

Finally, 19(a)(1)(B)(ii) does not require joinder because the risk of multiple recovery can easily be addressed, if necessary, by providing United with an offset against any recovery that DSC obtains in its litigation against Gourmet. *See DS-Concept Trade LLC v. Gourmet Food Imports, LLC*, et al. Case No. 3:16-cv-00466 YGR; *DS-Concept Trade LLC v. Atalanta Corporation, et al.*, Case No. 2:16-cv-00429-SRCCLW. Therefore, the Court finds that United has failed to show that Gourmet is not a necessary party under Rule 19(a)(1).[4] Accordingly, defendant's motion for judgment on the pleadings is **DENIED**.

This order terminates Dkt. No. 53.

**IT IS SO ORDERED.**

Dated: November 6, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] The Court notes that despite the passage from defendant's Motion quoted above, defendant apparently reverses course and concedes in its reply brief that complete relief can be accorded absent joinder of Gourmet. (*See* Dkt. No. 59 at 2 ("United did not argue in its motion that Gourmet was a necessary party because complete relief could not be accorded between Plaintiff and United . . . .").)

[4] In light of the Court's holding, the Court need not address the parties' arguments regarding whether (i) joinder of Gourmet is feasible or (ii) the action need be dismissed because Gourmet is also indispensable.